UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KARL LANDRY**                                                                          **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 15-6070**

**MARLIN N. GUSMAN, ET AL.**                                                  **SECTION "I"(1)**

**REPORT AND RECOMMENDATION**

Plaintiff, Karl Landry, a state inmate, filed this civil action pursuant to 42 U.S.C. § 1983 against Sheriff Marlin N. Gusman, Ms. Pittman, Ms. Clayton, Mr. Winnfield, and Ms. Fare. In this lawsuit, plaintiff challenged the conditions of his former confinement within the Orleans Parish Prison system.[1]

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on December 17, 2015. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on the allegations of plaintiff's complaint and his testimony at the Spears hearing, the Court finds that he is making the following allegations in support of his claim: While plaintiff was

---

[1] At the time this lawsuit was filed, plaintiff was no longer housed within the Orleans Parish Prison system. He is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

incarcerated within the Orleans Parish Prison system, he was housed in a facility containing mold and mildew. He experienced a sore throat, chest pains, and sinus problems which he attributed to his exposure to such conditions. At the Spears hearing, he testified that he mentioned those conditions to a nurse making rounds, and she told him that he was required to submit a "sick call" request if he needed medical attention. However, he conceded that he never in fact submitted such a request. He further conceded that inmates were periodically given cleaning supplies, estimating that they received such supplies once or twice per week.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

Obviously, there is a point beyond which a prison's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). That said, it must be remembered that, although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."). Therefore, the mere fact that mold and mildew are present simply does not warrant relief. See, e.g., Williams v. Gusman, Civ. Action No. 15-96, 2015 WL 5970424, at *3 (E.D. La. Oct. 14, 2015); Bean v. Pittman, Civ. Action No. 14-2210, 2015 WL 350284, at *4 (E.D. La. Jan. 26, 2015); Simmons v. Gusman, Civ. Action No. 14-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015); Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *6 (E.D. La. Nov. 12, 2013); Sneeze v. Terrebonne Parish Sheriff's Office, Civ. Action No. 11-987, 2011 WL 2413464, at *3 (E.D. La. May 9, 2011), adopted, 2011 WL 2311867 (E.D. La. June 10, 2011); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); McCarty v. McGee, No. 2:06cv113, 2008

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994).

WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation.").

Moreover, the Court notes that plaintiff concedes that inmates were given cleaning supplies once or twice per week to combat the conditions. It is clear that "[p]rison officials can constitutionally require inmates to keep their cells, living space and clothing clean by providing, or by requiring non-indigent inmates to purchase, cleaning supplies." Colby v. Gusman, Civ. Action No. 10-1004, 2010 WL 5477681, at *13 (E.D. La. Nov. 23, 2010), adopted, 2010 WL 5475617 (E.D. La. Dec. 28, 2010); Davis v. Gusman, Civ. Action No. 09-7195, 2010 WL 1727825, at *21 (E.D. La. Apr. 13, 2010), adopted, 2010 WL 1727821 (E.D. La. Apr. 28, 2010).

Lastly, the Court notes that the foregoing analysis is not changed by the fact that plaintiff believes that the conditions caused him to experience various medical ailments. Even if that occurred, it is obvious that even plaintiff himself did not consider the ailments to be serious. On the contrary, he conceded that he was specifically instructed by the nursing staff to submit a "sick call" request if he desired medical attention; however, he never submitted any such requests.

In summary, the Court notes that it is not unsympathetic to plaintiff's complaints concerning the conditions of his confinement. On the contrary, the Court has no doubt that the conditions within the Orleans Parish Prison system were uncomfortable and unpleasant. However, that simply is not test – the only issue before the Court is whether the conditions were *unconstitutional*. The conditions alleged in this case, while lamentable, were not unconstitutional.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twenty-first day of December, 2015.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]  Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.